UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHUR JOE SHERMAN,

        Petitioner,

vs.                            Case No.  2:07-cv-85-FtM-29DNF

WALTER A. MCNEILL, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS,[1]

        Respondent.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner, Arthur Joe Sherman, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on February 12, 2007.[2] The Petition challenges Petitioner's April 22, 1999, state court judgment of conviction for burglary (case no. 98-337-CFA) that was entered in the Twentieth Judicial Circuit Court, Hendry County, Florida, for which Petitioner was sentenced to twenty (20) years imprisonment. Petition at 1. The Petition asserts four grounds of ineffective assistance of trial counsel. See generally Petition.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James McDonough.

[2] The Petition (Doc. #1) was docketed and filed in this Court on February 15, 2007; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

In compliance with the Court's Order (Doc. #6), Respondent filed a Response to Petition for Writ of Habeas Corpus Incorporating a Motion to Dismiss as Time Barred and Memorandum of Law on May 31, 2007 (Doc. #10, Response). Respondent submitted exhibits in support of his contention that the Petition is time barred (Doc. #12, Exhs. 1-15).[3] After failing to file a timely reply to the Response, the Court directed Petitioner to show cause why the Petition should not be dismissed as time barred, or alternatively show cause why the case should not be dismissed for lack of prosecution. <u>See</u> August 8, 2007 Order of Court (Doc. #13). Petitioner filed a Response to the Show Cause Order (Doc #14, Reply), which was deemed to be a Reply to the Response by the Court. <u>See</u> August 24, 2007 Order (Doc. #15). This case is now ripe for review.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of

---

[3]The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh."

> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner filed a direct appeal of his April 22, 1999, state court judgment of conviction (Exh. #1). Following briefing, the appellate court *per curiam* affirmed without a written opinion on October 6, 2000. <u>Sherman v. State</u>, 771 So. 2d 1171 (Fla. 2d DCA 2000); Exh. 3. Thus, Petitioner's state conviction became final on January 5, 2001. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after

entry of the judgment or order sought to be reviewed).[4]  This was <u>after</u> the April 24, 1996, effective date of the AEDPA.  Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on January 5, 2002.  Consequently, the Petition filed in this Court on February 12, 2007 would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Forty (40) days ran on the federal limitations period until it was tolled on February 15, 2001, when Petitioner filed a *pro se* Rule 3.850 motion for post-conviction relief.  Exh. 6.  After granting an evidentiary hearing on one claim, the post-conviction trial court denied Petitioner's Rule 3.850 motion by order dated October 12, 2001.  Exh. 7.  Petitioner appealed and, on October 10, 2003, the state appellate court *per curiam* affirmed the denial of Petitioner's Rule 3.850 motion without a written decision.  <u>Sherman v. State</u>, 865 So. 2d 501 (Fla. 2d DCA 2003); Exh. 8.  Mandate issued on December 15, 2003.  Exh. 9.  As evidenced by the state circuit court's docket sheet and information provided by the Comprehensive Case Management Information System website, Petitioner did not file any other post-conviction motions in the

---

[4] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

state circuit court. Exh. ##9-10. Consequently, the federal limitations period began to run again on December 16, 2003.

Prior to the expiration of the one year federal limitations period, Petitioner filed a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with this Court on April 29, 2004 at case number 2:04-cv-248-FTM-29DNF.[5] The Court, however, dismissed that petition after Petitioner failed to comply with two orders of Court. See June 14, 2006 Order of Court (Doc. #16) entered in case number 2:04-cv-248-FTM-29DNF. The Supreme Court has held that federal habeas petitions do not constitute "other collateral review" within the meaning of § 2244(d0(2). Duncan v. Walker, 533 U.S. 167, 181 (2001). Consequently, the federal limitations period was not tolled during the pendency of Petitioner's previously filed federal habeas action.

In his Reply, Petitioner does not articulate any justifiable reason[6] why the dictates of the one-year limitations period should

---

[5] The Petition filed in this previous action contained one ground of ineffective assistance of counsel and one ground of trial court error.

[6] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this
(continued...)

not be imposed upon him. Petitioner states only that he was prevented from filing due to "state action" because "there are approximately 1600 inmates currently incarcerated at DeSoto Correctional Institution and only seven (7) law clerks." Reply at 2. It is not entirely clear whether Petitioner is explaining his failure to wholly respond to the Court's orders in his previous habeas action, or his delay in filing a timely Reply in this instant matter.[7] Nevertheless, it is clear that Petitioner received the Court's June 14, 2006 Order of Dismissal entered in his previous case. Petitioner did not seek reconsideration or appeal the Court's dismissal of his previously filed § 2254 petition. Instead, Petitioner waited an additional eight months after receiving the Order of Dismissal and chose to file a new petition. Thus, because Petitioner "did not exhaust the options available to him when his first federal habeas petition was dismissed, he did not exercise the level of diligence required to show the 'rare and exceptional circumstances' that qualify a petitioner for equitable tolling." Smallwood v. Sec'y, Dep't of Corr., 178 Fed. Appx. 944, 945 (11th Cir. 2006)(quoting Lawrence v.

---

[6](...continued)
high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

[7]During the time Petitioner's previous habeas case was pending, Petitioner was incarcerated at Avon Park and Mooorehaven Correctional Institute. See Case Number 2:04-cv-248-FTM-29DNF, Petition (Doc. #1) and Notice of Change of Address (Doc. #13).

<u>Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005)).  Consequently, the Court does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED** and **ADJUDGED**:

1.  The Petition is **DISMISSED** with prejudice.

2.  The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __31st__ day of December, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-7-